The judgment of the United States Customs Court is *reversed*.

UNITED STATES *v.* CARTIER, INC. (No. 3500) [1]

[1] T. D. 45994.

United States Court of Customs and Patent Appeals, October 31, 1932

*Charles D. Lawrence,* Assistant Attorney General (*Hugo P. Geisler* and *Ralph Folks,* special attorneys of counsel), for the United States.
*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellee.

[Oral argument October 31, 1932, by Mr. Folks and Mr. Isenschmid]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT Associate Judges

LENROOT, Judge, delivered the opinion of the court:

Appellee, in 1926, imported at the port of New York certain merchandise consisting of 53 platinum, enamel and diamond beads and one clasp, composed of platinum and diamonds, which merchandise was classified and assessed by the collector for duty as unfinished jewelry at 80 per centum ad valorem under paragraph 1428 of the Tariff Act of 1922.

Appellee duly filed a protest against such classification, making many claims for lower rates of duty upon the merchandise. However, it appears that the only claims relied upon in the lower court, and the only claims relied upon here, are that the beads are dutiable at 40 per centum ad valorem under paragraph 214 of said tariff act, and that the clasp is dutiable at 55 per centum ad valorem under paragraph 348 of said act.

In the court below the claims of appellee above set forth were sustained and judgment was entered accordingly. From such judgment the United States takes this appeal.

The pertinent parts of the competing paragraphs of said Tariff Act of 1922 read as follows:

PAR. 1428. Jewelry, commonly or commercially so known, finished or unfinished, of whatever material composed, valued above 20 cents per dozen pieces, 80 per centum ad valorem; * * *.

PAR. 214. Earthy or mineral substances wholly or partly manufactured and articles, wares, and materials (crude or advanced in condition), composed wholly or in chief value of earthy or mineral substances, not specially provided for, whether susceptible of·decoration or not, if not decorated in any manner, 30 per centum ad valorem; if decorated, 40 per centum ad valorem.

PAR. 348. Snap fasteners and clasps, and parts thereof, by whatever name known, or of whatever material composed, not plated with gold, silver, or platinum, and not mounted on tape, 55 per centum ad valorem; mounted on tape, including sew-on fasteners, 60 per centum ad valorem.

Appellee, plaintiff in the court below, offered no testimony but relied wholly upon a stipulation entered into between the parties, which stipulation reads as follows:

It is stipulated and agreed between counsel, in the matter of the above protest, as follows:

That the items invoiced as— ·

53 platinum, enamel and diamond beads, and one clasp ditto,

are represented by the 53 articles marked with an "X" and the one article marked "A" on the attached photograph, which it is agreed may be received in evidence as Exhibit 1.

That Exhibit 1 is a photograph of a finished necklace in the making of which said articles were used as component materials in the manner shown in the photograph.

That the 53 articles in question marked "X" on Exhibit 1 are spherical in shape, about a quarter of an inch and less in diameter, have holes through them so that they may be strung, and are composed of a platinum base, covered with black enamel, and set with diamonds.

That the diamonds constitute the element of chief value in each of said 53 articles.

That said articles have no other use than for stringing as part of a necklace.

That said articles were imported "loose"; i. e., they were not strung at the time of their importation.

That said 53 articles are of the same character as the merchandise which was the subject of *Cartier (Inc.)* v. *United States*, T. D. 43589.

That the article in question marked "A" on Exhibit 1 is a clasp composed of platinum and diamonds, the diamonds constituting the element of chief value.

That said article has no other use than as a clasp for a necklace.

The photograph attached to the stipulation discloses a necklace containing 106 articles, strung, and a clasp, and the stipulation sets out that 53 of the 106 articles in the photograph represent the articles involved herein, described as platinum, enamel, and diamond beads, and that the clasp represents the clasp composed of platinum and diamonds here involved.

In support of the action of the collector appellant introduced the testimony of four witnesses; appellant now claims that said testimony, together with the facts stipulated, establishes:

1. That each of the platinum, enamel, and diamond beads involved here is an article of "jewelry, finished," *per se.*

2. That the construction and finish of each bead is such that it is known in the trade by the manufacturers and wholesalers of jewelry

as a "sautoir" or "slide" to be worn on a cord and is an article of "jewelry, unfinished."

It is unnecessary for us to inquire whether the testimony introduced by the Government establishes the foregoing contentions for the reason that no testimony tending to establish facts contrary to the facts stipulated can be considered by us. The Government made no effort to be relieved from its stipulation and, so long as it stands, it is binding upon the parties and the court. *Smith & Nichols (Inc.)* v. *United States*, 18 C. C. P. A. (Customs) 16, T. D. 43974.

The parties having stipulated that said 53 articles, consisting of platinum, enamel, and diamond beads, "have no other use than for stringing as *part* of a necklace" (italics ours), and that said clasp "has no other use than as a clasp for a necklace," the Government can not be heard to claim that each of said beads or said clasp is an article of "jewelry, finished," or that each of the beads is a "sautoir" or "slide" to be worn on a cord and therefore is an article of "jewelry, unfinished."

We must, under the stipulation, hold that none of the articles here involved has any use except for stringing as a part of a necklace, and we therefore can not accept the Government's contention that the articles here involved "are in themselves each a complete and finished article of jewelry."

Neither can we find that the merchandise in question is unfinished jewelry. The merchandise as imported is not a necklace, finished or unfinished.

It appears from the stipulation that the articles imported were used in the making of a necklace, 53 stones being added, and that all of the beads imported were strung after importation. Nothing was done to any of the imported beads or to the clasp to complete the necklace. They were simply used, after being strung with other articles, in the making of a necklace.

In the case of *United States* v. *Cohn & Rosenberger (Inc.)*, 19 C. C. P. A. (Customs) 137, T. D. 45259, we said:

It is sometimes difficult to determine when an article is unfinished jewelry, a part of jewelry, or material suitable for the making of jewelry, and it is more difficult to lay down a hard and fast rule for the guidance of customs officials in classifying articles where a consideration of this question is involved. Some articles are parts of jewelry and, at the same time, unfinished jewelry.

While, as stated in the case last cited, it is difficult to lay down a hard and fast rule for determining when a part of an article may be considered to be also an unfinished article, we are clear that, from the facts stipulated, the articles here in question can not be held to be "unfinished jewelry."

The stipulation recites, among other things, "That the diamonds constitute the element of chief value in each of said 53 articles," and

"That said articles have no other use than for stringing as part of a necklace." A like recital as to use is made as to the clasp.

From the foregoing it appears that, in the condition imported, the merchandise is not a necklace or a part of a necklace but, when strung, would become a part of a necklace. The language employed precludes a finding that, prior to stringing, the articles were a part of a necklace. Therefore it is not necessary for us to inquire whether, if the merchandise as imported was a part of a necklace, it should also be regarded as "unfinished jewelry."

Under the stipulation we are constrained to hold that the merchandise in question was material dedicated to use in the making of a necklace but that in itself it was not jewelry, finished or unfinished. *United States* v. *Borrelli & Vitelli*, 19 C. C. P. A. (Customs) 291, T. D. 45467.

The Government further contends that the articles here in question were designedly and definitely committed to be worn as a necklace when joined or attached together and therefore dutiable as an entirety as "jewelry, finished or unfinished."

We could agree with this contention if we could accept the statement of facts upon which the contention is based; but the stipulated facts are not that the articles in question were committed to be worn as a necklace when joined or attached together, but that the articles had no other use than for stringing as *part of a necklace*. Obviously, under this state of facts, the rule of entireties does not apply.

In conclusion we deem it proper to state that, were we at liberty to consider the testimony in the case as to the character and use of the merchandise in question, we might come to a different conclusion as to its proper classification; but, by reason of the stipulation, made a part of the record, as hereinbefore stated, we are not at liberty to consider any of said testimony tending to establish facts contrary to the stipulation.

The judgment of the United States Customs Court is *affirmed*.